## IN THE UNITED STATES DISTRUCT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**ELIZABETH W. MANN,**

**Plaintiff,**

**V.**

**CITY OF VIRGINIA BEACH**

**And**

**WENDY SWALLOW**

**And**

**GAILYN THOMAS**

**AND**

**DAVID HANSEN**

**Defendants.**

Civil Action No.:_____

### COMPLAINT

COMES NOW the defendant Elizabeth W. Mann (hereinafter "Mann"), by counsel, and for her Complaint in this action, states as follows:

### Parties

1. At all times relevant to this action, Mann was a resident of Virginia Beach, Virginia.

2. At all times relevant to is action, the City of Virginia Beach (hereinafter "Virginia Beach") was a municipal corporation established as a city of the first class via a Charter granted by the Commonwealth of Virginia in 1962. At all times relevant to this action, Virginia Beach had all powers of a municipal

corporation as set forth in §15.2-1100- §15.2-1131, <u>Code of Virginia</u> (1950), as amended.

3.  At all times relevant to this action, Wendy Swallow ("Swallow") was a resident of Virginia Beach, Virginia and an employee of Virginia Beach.

4.  At all times relevant to this action, Gailyn Thomas ("Thomas") was a resident of Virginia and an employee of Virginia Beach acting as the Deputy Director of Social Services.

5.  At all times relevant to this action, David Hansen ("Hansen") was a resident Virginia and an employee of Virginia Beach acting as the City Manager.

### Jurisdiction

6.  This civil action involves questions of federal law pursuant to 42 U.S.C. §1983 and the First Amendment to the Constitution of the United States.

7.  This Honorable Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331 because Mann states a cause of action arising under the laws of the United States (42 U.S.C. §1983) and under the First Amendment to the United States Constitution.

8.  The Honorable Court has supplemental jurisdiction over other state law causes of actions alleged herein, including causes of action for wrongful termination and malicious prosecution, pursuant to 28 U.S.C. §1367, as those causes of action are so related to the claims involving federal question original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this Honorable Court as all acts giving rise to plaintiff's cause of action occurred in the City of Virginia Beach and within the Eastern District of Virginia in the Norfolk division.

### Facts

10. From 2006 through June 14, 2019, Mann was a full time employee of Virginia Beach.

11. In 2019, Mann worked as a Family Services Specialist for Virginia Beach.

12. In 2019, Thomas, Hansen, Swallow and Portia Green were supervisors of Mann.

13. Prior to May 31, 2019, Mann had expressed concerns to Swallow, Thomas, Hansen,  Portia Green, Jennifer DeLawrence, Elizabeth Boone and other management level employees of the City of Virginia Beach about workplace safety including the need for the prevention of violence in the workplace and the protection of employees from workplace violence.

14. Prior to May 31, 2019, Mann had also expressed concerns to the City Manager about workplace harassment and bullying by Swallow. Swallow was aware of the prior complaints filed by Mann.

15. On Friday, May 31, 2019, a gunman entered Building 2 at the Virginia Beach Municipal Complex shooting and killing or injuring several Virginia Beach employees and coworkers of Mann (hereinafter referred to as "the shootings").

16. On Monday, June 3, 2019, the next workday following the shootings, Swallow and Virginia Beach called a special staff meeting to discuss the

shootings including steps that Virginia Beach was taking in response to the shootings (hereinafter "the staff meeting").

17. During the staff meeting, Swallow advised Mann that she was allowed to express her feelings freely and honestly about the shootings.

18. After being so advised by Swallow, Mann stated that she knew several of the employees in Building 2 that were victims of the shootings including one person that was killed. Mann further stated that she believed that the shootings could have been prevented by Virginia Beach and management.

19. Mann went on to state that she did not believe that management, including Swallow, sincerely cared about their employees, that they had routinely abused, pushed and bullied the employees in the workplace.

20. In response to Mann's statement, Swallow became angry and told Mann that her statements were "condescending" to Swallow and that she was not allowed to express such opinions. Swallow then ordered Mann to leave the meeting. Mann complied and left the meeting.

21. On June 5, 2019, Mann sent an email to Hansen and  several member of the Virginia Beach City Council ("the email") wherein she  complained about workplace abuse, bullying and harassment of herself and other employees of Virginia Beach that resulted in employees suffering physical and mental health ailments. In the email, Mann also advised the Virginia Beach City Council of Virginia Beach's failure to address prior complaints of workplace abuse, harassment and bullying. A copy of the email is attached as "Exhibit A."

22. In the email, Mann specifically named Swallow, Thomas, Portia Green, Jennifer DeLawrence, Elizabeth Boone as managers whom engaged in such conduct.   The email was also copied to several media outlets.

23. Hansen then forwarded the email to Swallow, Portia Green, Jennifer DeLawrence, and Elizabeth Boone.

24. On June 6, 2019, upon information and belief, Swallow, Hansen, Thomas or another employee of Virginia Beach called the police and falsely reported that Mann had threatened to harm Swallow during the staff meeting and that Swallow was in fear for her safety.

25. As a result of Swallow's statements and statements of other Virginia Beach employees, including Dave Hansen, the former manager of Virginia Beach, the police obtained an arrest warrant for Mann accusing her of disturbing the peace, a Class 1 Misdemeanor crime carrying a penalty of up to 12 months in jail and a fine of up to $2,500.00. The police served the arrest warrant at Mann's home. (hereinafter referred to "the criminal proceedings").

26. On June 14, 2019, Virginia Beach terminated Mann's employment via a written letter. A copy of the termination letter is attached hereto as "Exhibit B." In the termination letter, Virginia Beach falsely told Mann that she was being terminated because, during the staff meeting, she "engaged in conduct that has the purpose of causing psychological harm and/or inducing fear..." The conduct to which Virginia Beach referred was the verbal statements that Mann made to Swallow during the staff meeting.  Virginia Beach falsely

accused Mann of engaging in conduct with the intent to cause psychological harm or to induce fear.

27. In terminating Mann, Virginia Beach further alleged that, by expressing her opinions as to how Virginia Beach could have prevented shootings and workplace violence, Mann was in violation the city's official written "Violence Prevention" policy, §6.17. According to Virginia Beach, §6.17 of its "Violence Prevention" policy prohibited Mann from expressing her opinions criticizing Virginia Beach's failure to implement adequate safety measures  to prevent actual instances of workplace violence---even in the wake of the shootings.

28. Swallow, Thomas and Hansen were directly involved in Virginia Beach's decision to wrongfully terminate Mann's employment.

29. During the staff meeting, Mann expressed opinions regarding Virginia Beach's policies regarding workplace safety and the conduct of Swallow towards her subordinate employees. Mann did not engage in any conduct for the purpose of causing psychological harm or inducing fear.

30. Mann hired an attorney and incurred attorney's fees in order to defend the criminal charges instigated by Swallow and Virginia Beach.

31. On July 24, 2019, at the first calling of the case in the criminal proceedings, the Virginia Beach General District Court dismissed the criminal charges filed by Swallow and Virginia Beach.

### Count I      (Wrongful Termination)

32. Mann hereby re-alleges paragraphs 1-31 of the Complaint.

33. At all times relevant to this action, Swallow, Thomas and Hansen acted as an employees and agents of Virginia Beach.

34. During the staff meeting and prior to the staff meeting, Mann exercised her right to bring to the attention of her employer hazardous workplace conditions, including the potential for workplace violence and lack of implementing adequate safety measures to prevent injuries from workplace violence,  that existed in the workplace pursuant to §40.1-51.2(b) of the Code of Virginia.

35. Swallow, Thomas, Hansen and Virginia Beach intentionally terminated Mann's employment because she exercised her statutory right to complain about a hazardous workplace condition pursuant to §40.1-51.2(b) of the Code of Virginia.

36. As a direct and proximate result of the intentional and wrongful termination of employment, Mann suffered damages, including lost wages, lost benefits, stress, and great pain and suffering of mind and body.

### Count II (Malicious Prosecution—Virginia Beach)

37. Mann hereby re-alleges paragraphs 1-31 of the Complaint.

38. Swallow and Hansen, while acting as employees and agents of Virginia Beach, maliciously instituted or assisted with the institution of criminal proceedings against Mann with the intent to harm Mann and retaliate against her for complaining about workplace safety in the wake of the shootings.

39. Virginia Beach instituted the criminal proceedings against Mann without probable cause to do so.

40. The criminal proceedings terminated in a manner favorable to Mann in that they were dismissed during the first court hearing.

41. As a direct and proximate result of the malicious prosecution instituted by Virginia Beach, Mann suffered damages including mental pain and suffering, stress, humiliation and embarrassment and also incurred attorney's fees and expenses.

<u>**Count III   (Malicious Prosecution—Swallow, Thomas and Hansen)**</u>

42. Mann hereby re-alleges paragraphs 1-31 of the Complaint.

43. In the alternative, Swallow, Thomas and Hansen maliciously instituted or assisted with the institution of criminal proceedings against Mann with the intent to harm Mann and retaliate against her for complaining about workplace safety in the wake of the shootings and for complaining to the Virginia Beach City Council about their workplace conduct.

44. In the alternative, Swallow, Thomas and Hansen instituted the criminal proceedings against Mann without probable cause to do so.

45. The criminal proceedings terminated in a manner favorable to Mann in that they were dismissed during the first court hearing.

46. As a direct and proximate result of the malicious prosecution instituted by Swallow, Thomas and Hansen, Mann suffered damages including mental pain and suffering, stress, humiliation and embarrassment and also incurred attorney's fees and expenses.

<u>**Count IV  (Violation of First Amendment Rights- Swallow, Thomas and Hansen)**</u>

47. Mann hereby re-alleges paragraphs 1-31 of the Complaint.

48.   During the staff meeting, Mann engaged in constitutionally protected First Amendment activity in that she, as a private citizen, verbally expressed her opinions on the policies and conduct of Virginia Beach with respect to workplace safety, gun violence, and violence prevention. Such issues are matters of vital social, political and general public concern and thus Mann's statements were clearly protected by the First Amendment.

49.   Swallow, Thomas and Hansen, acting under color of the laws of the Commonwealth of Virginia via their management positions, terminated Mann's employment in direct retaliation for Mann exercising her clearly established right to express her opinions on issues of vital public concern, workplace safety and gun violence (during the staff meeting and in the email) thereby depriving Mann of those First Amendment rights in direct violation of 42 U.S.C. §1983.

50.   Swallow, Thomas and Hansen were personally involved in and personally contributed to the decision to terminate Mann's employment in retaliation for Mann exercising her clearly established First Amendment right to express those opinions.

51.   As a direct an proximate result of the conduct of Swallow, Thomas and Hansen , Mann was deprived of her First Amendment right to free speech and has suffered damages as a direct and proximate result including lost salary and benefits, great pain and suffering of mind and body, stress, embarrassment and humiliation and incurred attorney's fees and costs.

### Count V  (Violation of First Amendment Rights- Virginia Beach)

52.    Mann hereby re-alleges paragraphs 1-31 of the Complaint.

53.    During the staff meeting, Mann engaged in constitutionally protected First
       Amendment activity in that she, as a private citizen, verbally expressed
       her opinions on the official policies and conduct of the Virginia Beach with
       respect to workplace safety, gun violence, and violence prevention. Such
       issues are matters of vital social, political and general public concern and
       thus clearly protected by the First Amendment.

54.    Virginia Beach, acting under color of the laws of the Commonwealth of
       Virginia, terminated Mann's employment in direct retaliation for Mann
       exercising her clearly established right to express her opinions, in
       response to a direct question posed by management and in sending the
       email, on issues of public concern—workplace safety and gun violence,
       thereby depriving Mann of those First Amendment rights in direct violation
       of 42 U.S.C. §1983.

55.    Virginia Beach terminated Mann's employment in direct retaliation for
       Mann exercising her clearly established First Amendment right to express
       her opinions, in response to a direct question posed by management and
       in the email, on issues of public concern—workplace safety and gun
       violence.

56.    Virginia Beach's employees, in terminating Mann, were acting pursuant to
       the City's official "Violence Prevention" policy and specifically stated to

Mann that her speech during the staff meeting violated the City's official written "Violence Prevention" policy. Virginia Beach, via its employees, then specifically advised Mann that her termination was a result of Mann's alleged violation of the city's "Violence Prevention" policy.

57.   As a direct an proximate result of the conduct of Virginia Beach, Mann was deprived of her First Amendment right to free speech and has suffered damages as a direct and proximate result including lost salary and benefits, great pain and suffering of mind and body, stress, embarrassment and humiliation and incurred attorney's fees and costs.

## Request for Punitive Damages

58.   Virginia Beach, Swallow, Thomas and Hansen engaged in intentional and malicious conduct towards Mann with the specific intent to harm Mann.  In the alternative, the conduct of the defendants was so reckless and wanton that it constituted a callous disregard of Mann's rights.

59.   Mann moves for an award of punitive damages against the defendants in the amount of $350,000.00.

## Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mann hereby demands a trial by jury on all issues in this case

## **Relief Sought**

WHEREFORE, Mann moves this Honorable Court to enter judgment in his favor against the defendants, jointly and severally, and to award:

A.      All of Mann's lost salary and benefits from June 14, 2019 until entry of judgment in this action plus interest on such back pay as well as future lost earnings;

B.      Damages for emotional pain and suffering, stress, humiliation and embarrassment, inconvenience and loss of enjoyment of life;

C.      An award of Mann's attorney's fees and costs incurred in this action as well as attorney's fees and costs incurred in the criminal proceedings as well as an award of punitive damages in the amount of $350,000.00.

**ELIZABETH W. MANN**

_____
Of Counsel

W. Barry Montgomery, Esquire    (VSB# 43042)
KALBAUGH, PFUND & MESSERSMITH
*Counsel for Elizabeth W. Mann*
901 Moorefield Park Drive, Suite 200
Richmond, Virginia 23236
Tel:   (804)  320-6300;  Fax:    (804)  320-6312
E-mail:  barry.montgomery@kpmlaw.com