UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ELIZABETH W. MANN,

          Plaintiff,

v.                                   CIVIL NO. 2:20cv303

CITY OF VIRGINIA BEACH, et al.,

          Defendants.

## MEMORANDUM DISMISSAL ORDER

This matter comes before the court on Defendants City of Virginia Beach ("City"), Gailyn Thomas, and Wendy Swallow's Motion to Dismiss the Complaint and accompanying Memorandum in Support ("Motion"), filed on July 15, 2020.[1] ECF Nos. 7-8. On July 29, 2020, the Plaintiff, Elizabeth W. Mann, filed a Memorandum in Opposition. ECF No. 9.

On August 10, 2020, this matter was referred to United States Magistrate Judge Robert J. Krask pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct necessary hearings and to submit to the undersigned district judge proposed findings and recommendations for the disposition of the Motion to Dismiss. ECF No. 15.

---

[1] David L. Hansen was also named as a defendant in the Complaint. ECF No. 1. Pursuant to Fed. R. Civ. P. 41(a)(1), he was dismissed as a defendant by an order dated September 23, 2020. ECF No. 19.

The Magistrate Judge filed the Report and Recommendation ("R&R"), on September 30, 2020. ECF No. 20. The R&R recommends granting the Motion to Dismiss in its entirety, such that Counts Four and Five are dismissed with prejudice and Counts One, Two, and Three are dismissed without prejudice. Id. By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. Id. at 24-25. The Plaintiff filed one (1) objection to the R&R on October 7, 2020. ECF No. 21. The Defendants filed two (2) objections on October 14, 2020. ECF No. 22. The Defendants also filed a response to the Plaintiff's objection on October 21, 2020. ECF No. 23.

## I. LEGAL STANDARDS

A complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility means that a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The

2

court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005).

The court, having reviewed the record in its entirety, makes a de novo determination of those portions of the R&R to which the parties have specifically objected. Fed. R. Civ. P. 72(b). For unchallenged portions, the court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

## II. FACTUAL BACKGROUND[2]

The Plaintiff was an employee of the City from 2006 until June 14, 2019. Compl. ¶ 10. Defendants Thomas and Swallow supervised the Plaintiff. Id. ¶¶ 11-12.

On May 31, 2019, a gunman entered the Virginia Beach Municipal

---

[2] In resolving this matter, the court accepts as true the following allegations in the Complaint. See Wikimedia Found. v. Nat'l Sec. Agency, 857 F.3d 193, 208 (4th Cir. 2017). Additionally, the court considers attachments to the complaint. See Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016).

3

Complex and shot and killed or injured several employees of the City. Id. ¶ 15. On June 3, 2019, Swallow called a staff meeting to discuss the shooting. Id. ¶ 16. During that meeting, the Plaintiff "stated that she believed that the shootings could have been prevented by Virginia Beach and management" and that "she did not believe that management, including Swallow, sincerely cared about their employees, [and] that they had routinely abused, pushed and bullied the employees in the workplace." Id. ¶¶ 18-19. She told Swallow something to the effect of, "you are the type of supervisor that would cause someone to shoot people." ECF No. 1-2 at 1. Swallow became angry and asked the Plaintiff to leave the meeting, which the Plaintiff did. Compl. ¶ 20.

On June 5, 2019, the Plaintiff sent an email to the City Manager, members of the City Council, and several media outlets, "wherein she complained about workplace abuse, bullying and harassment of herself and other employees." Id. ¶ 21; see ECF No. 1-1. In the email, the Plaintiff identified eight individuals who she says harassed and bullied her and failed to adequately perform their duties as City employees. ECF No. 1-1. At the end of the email, she states: "I personally believe the shooter was pushed until he snapped." Id. at 3. She referenced the "supervisors who probably bullied the shooter" and expressed her opinion that "the blood of all those innocent victims, lie on the hands of all those

4

who ignored, condoned, participated, or encouraged the bullying."
Id.

On June 14, 2019, the City terminated the Plaintiff's
employment. Compl. ¶¶ 26, 28. In a written letter, the City
informed the Plaintiff that she had violated the City's violence
prevention policy by her remarks at the June 3, 2019, meeting and
in the June 5, 2019, email.

### III. OBJECTIONS

#### A. Plaintiffs' Objection

The Plaintiff objects that the R&R incorrectly concluded that
her statements at the June 3, 2019, meeting and in her June 5,
2019, email "did not involve a matter of public concern." ECF No.
21 at 3. She asserts that her statements were not, as the R&R
states, "personal grievances," but were instead comments made in
her capacity as a private citizen regarding "the City's failure to
prevent the shooting." ECF No. 1 at 6.

"Speech involves a matter of public concern when it involves
an issue of social, political, or other interest to a community."
Carey v. Throwe, 957 F.3d 468, 475 (4th Cir. 2020) (quotation marks
omitted), cert. denied --- S.Ct. ---, 2021 WL 78108
(Jan. 11, 2021). "[P]urely personal topic[s]," such as "personal
grievances, complaints about conditions of employment, or
expressions about other matters of personal interest do not

5

constitute speech about matters of public concern." Carey, 957 F.3d at 475 (internal quotation marks omitted). The court looks to the "content, context, and form of the speech at issue in light of the entire record." Urofsky v. Gilmore, 216 F.3d 401, 406 (4th Cir. 2000) (en banc).

The court finds no error of fact or law in the R&R on this issue. The Plaintiff frames her statements as "her opinions on the policies and conduct of Virginia Beach with respect to workplace safety, gun violence, and violence prevention." Compl. ¶ 48. However, the content, context, and form of her statement belies that conclusory assertion. Viewing the record as a whole, the Plaintiff was not speaking out on matters of public concern, such as gun violence, but was instead airing the sort of individualized grievances regarding workplace relationships that are internal matters not governed by the First Amendment. See Carey, 957 F.3d at 475; Brooks v. Arthur, 685 F.3d 367, 371-72 (4th Cir. 2012) ("[M]any ordinary disputes in the public workplace should be settled or resolved without calling the heavy artillery of the Constitution into play."). Indeed, the Plaintiff's statements are "replete with I's and me's," which suggests that she was speaking on matters of personal, not public, concern. See Brooks, 685 F.3d at 372.

The Plaintiff correctly points out that she did say some things that touch on the possibility that the shooter was motivated by the sort of harassment and bullying that she experienced. ECF Nos. 1-1 at 3, 1-2 at 1. The Plaintiff argues that those comments show that she was speaking on matters of public concern, including workplace safety and gun violence. ECF No. 21 at 3-8. The Plaintiff, however, implicitly acknowledged that she did not know whether the shooter experienced bullying. In her email, she said only that certain supervisors "probably bullied the shooter" and that she "believe[s] the shooter was pushed until he snapped." ECF No. 1-1 at 3 (emphases added). The Plaintiff's lengthy and specific complaints about the harassment and bullying she experienced from her supervisors are therefore too attenuated from her brief and speculative allegations that those matters are in some way related to issues such as workplace safety or gun violence. Cf. Brooks, 685 F.3d at 372-73 (concluding that the Plaintiff was not speaking on a matter of public concern when he complained about racial discrimination because "[t]he gravamen of this matter . . . [is] a series of personal differences"); Supinger v. Virginia, 259 F. Supp. 3d 419, 444 (W.D. Va. 2017) ("[T]he 'safety' concerns in which Plaintiff attempts to cloak his personal issues with Dawson also only relate to the happenings within his own workplace environment, which does

7

not concern the general public."). Thus, "the subject matter of [the Plaintiff's] statements [are] only marginally related to issues of public concern," such as workplace safety, and "the fact that [they] were made because of a grudge or other private interest" suggests that those statements do "not substantially involve a matter of public concern." Desrochers v. City of San Bernardino, 572 F.3d 703, 710 (9th Cir. 2009).

Rather, viewed in context, the Plaintiff's isolated comments about the shooter serve only to buttress her true message -- that she has experienced bullying from her supervisors and that, in her opinion, some of those people do not perform their jobs well. This case is therefore similar to Brooks, 685 F.3d at 372-373. In that case, the plaintiff made a complaint to his employer's Equal Employment Opportunity ("EEO") office, wherein he stated allegations about "conditions of employment rather than broad matters of policy meriting the protection of the First Amendment." Id. at 372. In the EEO complaint, the Plaintiff "asked rhetorically whether the affronts of which he complained resulted 'because I am . . . black.'" Id. The Fourth Circuit reasoned that although "discriminatory institutional policies or practices can undoubtedly be a matter of public concern," "[t]he gravamen of this matter . . . remains a serious of personal differences." Id. at 372-73. Similarly, the Plaintiff here has attempted to connect

8

her personal grievances against certain City employees to matters
of public concern, namely gun violence and workplace safety.
However, any link between the Plaintiff's complaints and such
issues is tenuous and speculative, and the Plaintiff's complaints
involve primarily personal matters that are not of public concern.
See id.

For the foregoing reasons, the court **OVERRULES** the
Plaintiff's objection to the R&R.

### B. Defendant's Objections

The Defendants first object to the R&R's conclusion that the
Plaintiff's statements did not constitute "true threats."
ECF No. 22 at 2-3; see ECF No. 20 at 8-11. The Defendants argue
that the Plaintiff's statements were true threats and, therefore,
are not entitled to First Amendment protection. ECF No. 22 at 2-3.
This objection is **MOOT**, because it only applies if the court does
not dismiss Counts Four and Five on the ground that the Plaintiff's
statements were not on matters of public concern. See supra Section
III.A.

Second, the Defendants object to the R&R's recommendation
that Count One be dismissed without prejudice. ECF No. 22 at 3-4.
The Defendants assert that the dismissal should be with prejudice
because the Plaintiff did not state in the Complaint that she
exhausted her administrative remedies, as required by Va. Code

9

Ann. § 40.1-51.2:1. The court will dismiss Count One without prejudice because it is not clear at this juncture whether the Plaintiff in fact failed to avail herself of the administrative remedy process afforded by state law, or whether she simply failed to allege such in her Complaint. See ECF No. 9 at 14. Rather than grant leave to amend to add an allegation of exhaustion, the court will dismiss all of the state law claims without prejudice because the court "decline[s] to exercise supplemental jurisdiction now that it has dismissed all claims over which it has original jurisdiction." Johansson v. Prince George's Cnty. Pub. Schs., No. CBD-13-2171, 2014 WL 7014430, at *2 (D. Md. Dec. 10, 2014). Accordingly, the court **OVERRULES** the Defendants' objection regarding Count One.

## IV. CONCLUSION

For the reasons stated herein, and having reviewed the record in its entirety and the Objections to the R&R, and having made de novo determinations with respect thereto, the court hereby **OVERRULES** the Plaintiff's Objection to the R&R. Further, the Defendants' first Objection is **MOOT**, and the court **OVERRULES** the Defendants' second Objection. The court **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's thorough and well-reasoned R&R, ECF No. 20, filed on September 30, 2020. Accordingly, the court **GRANTS** the Defendant's

10

Motion to Dismiss, ECF No. 7. Counts Four and Five are **DISMISSED WITH PREJUDICE**, and Counts One, Two, and Three are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Dismissal Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

January 22, 2021

11